```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,             ) Cr.# 05-10306-RGS
                                      )
                Plaintiff,            )
        v.                            )
                                      )
TYSON DEPINA                          )
                Defendant.            )
_____)
```

# MOTION TO DISMISS PETITION FOR VIOLATION OF SUPERVISED RELEASE
# REQUEST FOR IMMEDIATE RELEASE

Defendant TYSON DEPINA, by and through his attorney of record, hereby moves this Honorable Court for an Order dismissing the violation Petition because the supervised release term expired prior to the Petition for Summons on October 7, 2010.

Per the Violation report submitted by Probation, and the Court Docket, the following time periods are relevant:

1. On October 24, 2008 Mr. DEPINA was sentenced by this Honorable Court to 48 months custody and 12 months supervised release.

2. On August 8, 2009, following a revocation hearing, Mr. DEPINA was found in violation and sentenced to 3 months custody and 9 months supervised release.

3. On November 5, 2010 Mr. DEPINA's supervised release commenced.

1

    4. On January 19, 2010 Mr. DEPINA was arrested in New Bedford, but Probation "did not initiate revocation proceedings" against him. <u>See</u> page 2, paragraph 4 of the Violation Report. Mr. DEPINA was held on bail in that matter until April 8, 2010.

    5.  On October 7, 2010 Probation sought a Petition for Summons for alleged violations of Supervised release which the Court issued on October 8, 2010.

**<u>Basis for Dismissal</u>**:   More than nine months had expired from the time of commencement of Mr. DEPINA's supervision and the Petition for Summons; a period of almost 11 months.  The time during which Mr. DEPINA was arrested in New Bedford and held on bail (January 19, 2010-April 8, 2010) DID NOT toll the supervised release period.

**<u>Applicable Authority</u>**:

    18 U.S.C. 3553(i) extends the Court's jurisdiction beyond the stated expiration of supervised release only for the "adjudication of matters arising before its expiration, **if before its expiration, a warrant or summons had been issued**,...." (emphasis added).

    Although Probation may argue that the period was tolled during the time Mr. DEPINA was held on bail on a new matter in New Bedford (and for which Probation did not seek a summons)

Congress specifically limited the tolling period of supervised release.  18 U.S.C. § 3624(e) only allows supervised release to be tolled by "any period in which a person **is imprisoned in connection with a conviction** for a Federal, State or local crime unless the imprisonment is for a period of less than 30 consecutive days."  Emphasis added. Mr. DEPINA was held on bail on the state charges and not as a result of any conviction. (As noted in the violation report, those charges remain pending).

The First Circuit Court of Appeals, in <u>United States v. Hernandez-Ferrer</u>, 599 U.S. 63, 68 (1st Cir. 2010), addressed a similar issue, the tolling of supervised release when the defendant was a fugitive.  The Court rejected the tolling argument and specifically ruled that: "the fact that Congress provided for a tolling period of supervised release only when an offender is imprisoned for a different crime is a decisive argument for the proposition that Congress **did not intend to toll a period of supervised release for any other reason** (including an offender's fugitive status)."

///

///

WHEREFORE, Mr. DEPINA respectfully requests this Honorable Court to dismiss the Petition, and direct the United States Marshal to immediately release him on the ground that supervised release has expired and this Court lacks jurisdiction under 18 U.S.C. § 3583(i) to hold a hearing thereon.

Date: March 31, 2011          Respectfully submitted,

                            S/ Michael C Bourbeau

                            MICHAEL C. BOURBEAU, BBO 545908
                            77 Central Street, 2nd Floor
                            Boston, MA 02109
                            (617) 350-6565

                            Attorney for Defendant
                            TYSON DEPINA

<u>Certificate of Service</u>
I, MICHAEL C. BOURBEAU, hereby certify that I have caused to be served a copy of the within motion and memorandum by electronic mail, to the AUSA. If it is filed through the ECF system it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

        S/ Michael C. Bourbeau